# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ANGEL ELLSWORTH, <br><br> Plaintiff, <br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, <br><br> Defendant. | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. §§ 1692k(d), and 1693m(g).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Electronic Fund Transfers Act, 15 U.S.C. § 1693 *et seq.* ("EFTA") and Regulation E, by Defendant Portfolio Recovery Associates, LLC, and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred in this District, Plaintiff resides in Ionia County, and Defendant transacts business in Ionia County.

## PARTIES

4. Plaintiff, Angel Ellsworth ("Ms. Ellsworth") is a natural person who resides in the County of Ionia, State of Michigan,

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1693a(6).

7. Defendant Portfolio Recovery Associates, LLC, ("PRA"), is a foreign limited liability company with a principal place of business located in Norfolk, Virginia.

8. Defendant PRA uses interstate commerce and the mails in a business where its principal purpose is the collection of debts.

9. PRA regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

10. Defendant PRA is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. The Sixth Circuit has held that the FDCPA does not allow debt collectors to use litigation as a vehicle for abusive and unfair practices that are otherwise illegal under the FDCPA. *Stratton v Portfolio Recovery Assocs, LLC*, 770 F3d 443, 451 (6th Cir. 2014).

12. At some point prior to March of 2016, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes in the form of debt for two obligations for Synchrony Bank/Wal-Mart credit accounts; the account numbers ending in 1111 and 6959 ("the Debt").

13. The Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. Sometime prior to March of 2016, Plaintiff defaulted on the Debt.

15. Sometime after Plaintiff's default, the Debt was sold, conveyed, delivered, consigned, placed, assigned, or otherwise transferred to Defendant PRA.

16. Defendant PRA, as successor in interest to the original creditor, filed a civil lawsuit against Ms. Ellsworth in the 64-A Judicial District Court on or about March 8, 2016 (the "64-A Suit").

17. In the 64-A Suit, Defendant pleaded that "[u]pon information and belief, [Ms. Ellsworth] has possession of the agreement upon which the claim is based."

18. After Plaintiff was served with the 64-A Suit, she contacted PRA by telephone.

19. Ms. Ellsworth agreed with PRA to make monthly installment payments of $30.00 to PRA.

20. Ms. Ellsworth did not agree to make monthly installment payments in excess of $30.00.

21. Ms. Ellsworth did not agree to make 12 monthly installments of $60.00.

22. Ms. Ellsworth did not agree to make 12 monthly installment payments of $117.66.

23. PRA sent Plaintiff a letter dated April 26, 2016, regarding what PRA called an "agreement reached between the parties" and enclosed an unsigned Stipulated Order for Dismissal and for Installment Payments (the "Stipulation").

24. PRA's April 26, 2016, letter and Stipulation indicated, in part:

> This letter will serve to memorialize the agreement reached between the parties hereto regarding your or your client's agreement to pay with regard to the above-mentioned matter, and on the terms contained in the attached Stipulation.

25. PRA's letter dated April 26, 2016, stated in part:

> **Please be advised that this Stipulation must be signed and returned.**

26. PRA's Stipulation, enclosed with the letter dated April 26, 2016, misstated the agreement of parties.

27. PRA's letter dated April 26, 2016, was false, misleading, or deceptive.

28. PRA's Stipulation indicated that Plaintiff would make 12 monthly installment payments of $60.00.

29. PRA's statement that Plaintiff would make 12 monthly installment payments of $60.00 was false, misleading, or deceptive.

30. PRA's Stipulation indicated that Plaintiff would make 12 monthly installment payments of $117.66.

31. PRA's statement that Plaintiff would make 12 monthly installment payments of $117.66 was false, misleading, or deceptive.

32. Plaintiff sought legal advice regarding PRA's conduct.

33. PRA filed a Motion for Summary Disposition in the 64-A Suit, signed by PRA's counsel on October 7, 2016, claiming that "[PRA] is, therefore, entitled to judgment for damages in the sum of $2,491.93, together with costs of $138.82, for a total judgment amount of $2,630.75."

34. As of October 7, 2016, Ms. Ellsworth did not owe $2,630.75 to PRA.

35. As of October 7, 2016, PRA was not owed $2,630.75 by Ms. Ellsworth.

36. PRA's claim that it was entitled to a "total judgment amount of $2,630.75" did not account for several payments that Ms. Ellsworth had already made to PRA.

37. PRA's claim that it was entitled to a "total judgment amount of $2,630.75" was untrue.

38. PRA's claim that it was entitled to a "total judgment amount of $2,630.75" was misleading.

39. With respect to her account ending 6959, Plaintiff had an agreement with PRA to make payments of $30.00 per month.

40. The monthly payments of $30.00 were "preauthorized electronic fund transfers" as that term is described by 12 C.F.R §205.2(k) and 15 U.S.C. 1693a(10).

41. Under the agreement between Plaintiff and PRA relating to account ending 6959, Plaintiff gave PRA permission to electronically withdraw $30.00 per month from Plaintiff's bank account.

42. On or about March 20, 2017. Plaintiff received a letter from PRA dated March 10, 2017 relating to the account ending 6959.

43. PRA's letter dated March 10, 2017, indicated that "This letter is to confirm the arrangements we made with you by telephone that, at your request, on 03/20/2017 we will debit electronically $60.29 from your account listed below.

44. Plaintiff never agreed with PRA that PRA could debit any amount other than $30.00 from her account.

45. On or about March 20, 2017, Defendant withdrew an unauthorized amount from Plaintiff's bank account.

46. On or about March 20, 2017, Defendant PRA withdrew more than the agreed amount of $30.00 from Plaintiff's bank account.

47. Defendant lacked permission to withdraw an amount other than $30.00 from Plaintiff on or about March 20, 2017.

48. Defendant failed to send Plaintiff reasonable advance notice of the amount and date of the transfer before the scheduled date of transfer when the preauthorized electronic fund

transfer from Plaintiff's account varied in amount from the previous transfer under the same authorization or from the preauthorized amount.

49. Defendant's letter dated March 10, 2017, was false, misleading, or untrue with respect to its claim that Plaintiff gave any permission to Defendant to withdraw $60.29 from her bank account.

50. Plaintiff has suffered an injury in fact traceable to Defendant PRA's conduct that is likely to be redressed by a favorable decision in this matter.

51. As a direct, actual, and proximate result of the acts and omissions the Defendant, Plaintiff has suffered actual damages in the form of lost time, overdraft charges, expenses incurred, lost productivity, frustration, upset, and other negative emotions caused by Defendant's acts and omissions.

## TRIAL BY JURY

52. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions of Defendant PRA and its agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*

55. Defendant PRA violated 15 U.S.C. § 1692d.

56. Defendant PRA violated 15 U.S.C. § 1692e.

57. Defendant violated 15 U.S.C. § 1692e(2)(A).

58. Defendant violated 15 U.S.C. § 1692e(5).

59. Defendant violated 15 U.S.C. § 1692e(10).

60. Defendant violated 15 U.S.C. § 1692f.

61. Defendant violated 15 U.S.C. § 1692f(1).

62. As a result of Defendant PRA's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant PRA.

## COUNT II.
## VIOLATIONS OF THE
## ELECTRONIC FUND TRANSFERS ACT
## AND REGULATION E
## 15 U.S.C. § 1693 *et seq.*
## 12 C.F.R. § 205 *et seq.*

63. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

64. The foregoing intentional and negligent acts and omissions of Defendant constitute numerous and multiple violations of the EFTA and Regulation E including, but not limited to, each and every one of the above-cited provisions of the EFTA, 15 U.S.C. § 1693 *et seq*. and 12 C.F.R. § 205 et seq.

65. Defendant violated 15 U.S.C. § 1693e when it used an electronic fund transfer to debit Plaintiff's account on or about March 20, 2017, in excess of the amount authorized by Plaintiff.

66. Defendant violated 15 U.S.C. § 1693e(b) when it failed to send Plaintiff reasonable advance notice of the amount and date of the transfer before the scheduled date of transfer when the

preauthorized electronic fund transfer from Plaintiff's account varied in amount from the previous transfer under the same authorization or from the preauthorized amount.

67. Defendant violated 12 C.F.R §205.10(b) when it when it used electronic fund transfers to debit Plaintiff's account on or about March 20, 2017, in excess of the authorization signed by Plaintiff.

68. Defendant violated 12 C.F.R §205.10(d)(1) when it failed to send the consumer written notice of the amount and date of the transfer at least 10 days before the scheduled date of transfer when it did not send a notice when the preauthorized electronic fund transfer from the Plaintiff's account varied in amount from the previous transfer under the same authorization or from the preauthorized amount.

69. As a result of Defendant's violations of the EFTA and Regulation E, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages in an amount between $100.00 and $1,000.00 pursuant to 15 U.S.C. §

1693m(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 169m(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant PRA and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant PRA and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant PRA and for Plaintiff.

### COUNT II.
### VIOLATIONS OF THE
### ELECTRONIC FUND TRANSFERS ACT
### AND REGULATION E
### 15 U.S.C § 1693 *et seq*.
### 12 CFR § 205 *et seq*.

- for an award of actual damages pursuant to 15 U.S.C. § 1692m(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692m(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692m(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated: March 31, 2017

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com